## Annon *v.* Annon, Appellant.

Argued March 18, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Thomas C. DiNardo,* for appellant.

*Morris Wolf, with him Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY RHODES, P. J., July 23, 1948:

This is an action for absolute divorce brought by a husband against his wife. In his libel libellant charged his wife, the respondent, with wilful and malicious desertion. Respondent filed an answer in which she made the following allegation: "The respondent avers that since on or about April 15, 1935, and continuing to the date of the filing of this libel, the libellant has offered such indignities to the person of the [respondent] as to render her condition intolerable and life burdensome causing her to withdraw from their common habitation at 235 South 15th Street, Philadelphia, Pa., on the 15th day of January, 1943."

The master, after hearing the testimony of the respective parties, found that respondent, on the 15th of January, 1943, wilfully and maliciously and without reasonable cause, deserted libellant and absented herself from their habitation, and has continued in said desertion during the term and space of two years from January 15, 1943. Exceptions were filed to the master's report. They were dismissed by the court and a final decree entered. Respondent has appealed from this decree granting a divorce to libellant.

Respondent attempts to justify her leaving libellant's home because of his conduct. Her defense was that libellant subjected her to a course of treatment which constituted indignities to the person causing her to withdraw from libellant's home.

Our independent examination of the record convinces us that the ground alleged in the libel was clearly established by the evidence, and that there was no such legal justification for her withdrawal from libellant's home

as would preclude the granting of a decree in divorce to libellant on the ground of desertion.

Respondent admits that she withdrew from their home on January 15, 1943. At that time they were living together at 235 South 15th Street, Philadelphia. They were married on August 6, 1934, and thereafter lived together in Philadelphia. Since the final separation libellant and respondent have continued to reside in Philadelphia. No children were born of this marriage, although each of the parties had two children by a prior marriage. Libellant is a practicing physician in the city of Philadelphia.

On the morning of January 14, 1943, respondent told libellant that she was leaving the next day and that she did not want any interference with her leaving. On January 15, 1943, respondent removed her belongings from their home by truck. She never returned thereafter or offered to return to libellant, and she gave no specific reason for her leaving. There had been previous separations. In 1937 she remained away for several months. Each time libellant asked her to return to him. We are unable to find in the record any substantial reason for any of the separations. After the final separation libellant persistently sought her return, although, under the circumstances, there was no duty upon his part to have her come back or to seek a reconciliation. Respondent testified that she felt the same at the time of the hearing on September 10, 1947, as she did in January, 1943.

The burden was on respondent to satisfactorily establish the cause alleged for her action—such indignities to her person as to render her condition intolerable and her life burdensome. *Jones v. Jones*, 160 Pa. Superior Ct. 358, 361, 51 A. 2d 521; *Chasman v. Chasman*, 161 Pa. Superior Ct. 77, 79, 53 A. 2d 876.

The final separation was not consentable and the respondent does not so claim. Her allegations and complaints, accepted in their entirety, do not disclose a

course of conduct on the part of libellant manifesting a settled hate and estrangement, which would warrant a severance of the marital ties. From the evidence quite the contrary appears. The parties had an excellent home, and proper provision was always made for respondent's welfare and comfort. Libellant was never abusive; in fact he displayed no harshness toward respondent. There may have been some irritability and incompatibility at times. At most, respondent's testimony, including that of her witnesses, shows arguments over petty and trivial matters. Her desire for a private telephone in their apartment looms large among her complaints. Money matters were discussed, but she admits that libellant paid all her bills and charge accounts, and that he provided adequately. She speaks of his accusations of infidelity. They are without substance. Respondent herself testified that libellant never accused her of intimacy with anyone. Respondent's other complaints consisted of alleged slamming of doors by libellant, long conversations, and periods of silence. In these matters we find nothing of sufficient merit to warrant further reference. It is as respondent's daughter, who lived with the parties two years previous to the final separation, testified—their differences were trivial and discussion of them was a waste of time.

Respondent may be of a nervous temperament, her matrimonial status may not have appealed to her, she may have preferred to live apart with her children; but, in any event, there was no justifiable reason for her leaving libellant. Both parties had previous matrimonial experience, and both had raised a family before they divorced their spouses and married each other. Both are apparently well educated, refined, and cultured. The court below properly gathered from the testimony that respondent seems to be a hypersensitive person. We add that she appears rather intolerant and self-centered, and that libellant might have been more tactful at times. Rarely do we find a charge of indigni-

ties so lacking in merit and the proofs so vague and devoid of substance.

In this case the statutory elements of desertion were present, and libellant is entitled to a decree on that ground.

The decree of the court below is affirmed.